TOBENKIN v. PIERMONT et al.

(Supreme Court, Appellate Term. May 7, 1909.)

SALES (§ 479*)—CONDITIONAL SALES—PLEADING—GENERAL DENIAL—SCOPE.

Where a complaint alleged a conditional sale, reservation of title until payment, failure of payment, and possession, a general denial put in issue only the material allegations of the complaint, which plaintiff was bound to prove, and hence defendant had no right to show thereunder that they purchased the chattels of the original purchaser in good faith and without notice, and that plaintiff or his assignor had not filed the contract as required by law.

[Ed. Note.—For other cases, see Sales, Dec. Dig. § 479.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Harry Tobenkin against Gustave M. Piermont and others. Judgment for plaintiff, and defendants appeal. Affirmed.

See, also, 114 N. Y. Supp. 948.

Argued before GILDERSLEEVE, P. J., and DAYTON and GOFF, JJ.

Saxe & Powell, for appellant Powell.
George M. Welch, for appellant Weiler.
J. A. Seidman, for respondent.

GOFF, J. A single question is presented in this case: Had the defendants Powell and Weiler the right, under a general denial to a complaint alleging a conditional sale, reservation of title until payment, failure of payment, and possession, to show that they had purchased the chattels in good faith and without notice, and that the plaintiff or his assignor, through whom he claimed, had failed to file the contract of conditional sale as provided by law? We do not think they had. A general denial simply put the plaintiff to proof of all the material allegations in the complaint, and enabled defendants to controvert only that which the plaintiff was bound to prove. He was not bound to prove his failure to file the contract. That was to be taken advantage of. The act was passed for the benefit of subsequent purchasers, and failure to comply with its provisions as to them should have been affirmatively pleaded.

Judgment affirmed, with costs. All concur.